```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

**JOYCE A. NICE,**

        Plaintiff,

  vs.                                 Civil Action 2:00-CV-584
                                          Judge Sargus
                                          Magistrate Judge King

**WHEELING PITTSBURGH STEEL,**

        Defendant.

## REPORT AND RECOMMENDATION

        This action presents claims of intentional tort, wrongful death, personal injury and emotional distress in connection with the death of plaintiff's decedent, Patrick Nice, an employee of defendant. The action was originally instituted in the Court of Common Pleas for Jefferson County, Ohio, and removed to this Court as a diversity action. Doc. No. 1. The action was administratively closed because of defendant's bankruptcy, Doc. No. 12, but was reopened upon the grant of relief from the bankruptcy stay. Doc. No. 13. This matter is now before the Court on plaintiff's motion to remand.[1] Doc. No. 20.

        Plaintiff asks that the matter be remanded pursuant to 28 U.S.C. §1445(c), which, *inter alia,* prohibits the removal to federal court of a "civil action in any State court arising under the workmen's compensation laws of such State. ..." The United States Court of Appeals for the Sixth Circuit has offered little guidance on the proper application of §1445(c). Claims relating to the award or denial of worker's compensation benefits may not be removed by virtue of the application of §1445(c). *Snuggs v. Excel Mfg. of Kentucky, Inc.*, 1999 WL

---

[1]Although plaintiff asks that the Worker's Compensation claims be remanded, it appears that plaintiff contemplates remand of all claims.

623747 (6th Cir., August 11, 1999); *Robinson v. Daugherty,* 1986 WL 16447 (6th Cir., January 21, 1986). *But see Thornton v. Denny's, Inc.,* 1993 WL137078 (6th Cir., April 29, 1993) [a common law claim for retaliatory discharge for having filed a worker's compensation claim was entertained by the Sixth Circuit]. However, the claims asserted in this action do not arise under Ohio's worker's compensation laws, and the Court concludes that removal was appropriate.

Plaintiff's primary claim, *i.e.,* intentional tort, was first recognized by the Ohio Supreme Court in *Blankenship v. Cincinnati Milacron Chem., Inc.,* 69 Ohio St.2d 608 (1982), which held that the Ohio Constitution did not preclude actions for damages for workplace injuries suffered as a result of the employer's intentional misconduct. *Id.,* at 576. That such a claim falls outside the scope of Ohio's worker's compensation laws was later confirmed by the Ohio Supreme Court when it held unconstitutional Ohio's Intentional Tort Act, O.R.C. §4121.80. *Brady v. Safety Kleen, Corp.,* 61 Ohio St.3d 624 (1991)[Ohio's Worker's Compensation Act offered protection for the negligent acts of employers but not for the intentional misconduct of employers]. Because plaintiff's claims do not arise under Ohio's workman's compensation laws, §1445(c) does not preclude the otherwise proper removal of this action from state court.

It is therefore **RECOMMENDED** that plaintiff's motion to remand be **DENIED.**

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C.

2

§636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within ten (10) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  See *Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


May 11, 2005                                     s/Norah McCann King
                                                 Norah M<sup>c</sup>Cann King
                                             United States Magistrate Judge

3