IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN OHIO

JOYCE A. NICE, EXECUTRIX OF
THE ESTATE OF PATRICK L. NICE,

        **Plaintiff,**

        **vs.**

WHEELING PITTSBURGH STEEL
CORPORATION, *et al.*

        **Defendants.**

**Case No.  C-2-00-584**
**Judge Sargus**
**Magistrate Norah McCann King**

## OPINION AND ORDER

In this tort action brought under Ohio common law and Ohio Revised Code §§ 2125.01-02, Plaintiff, Joyce A. Nice, as Executrix of the Estate of Patrick L. Nice, alleges claims for intentional tort, intentional infliction of emotional distress, wrongful death, and personal injury against Defendant Royal Indemnity Company.  Defendant has filed a Motion for Partial Dismissal of Plaintiff's Complaint as to her intentional infliction of emotional distress claim, and as to her claim that Defendant characterizes as a negligence, rather than intentional, tort claim.  Defendant argues that pursuant to Article II § 35 of the Ohio Constitution, it is entitled to workers' compensation immunity for both claims.  According to Defendant, therefore, Plaintiff has failed to state claims upon which relief can be granted.  This matter is before the Court for consideration of Defendant's Motion for Partial Dismissal pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons that follow, Defendant's Motion for Partial Dismissal is denied in part, and granted in part.

## I.

Patrick L. Nice ("Nice") worked for Wheeling Pittsburgh Steel Corporation ("Wheeling Pitt") as a truck driver until his death on April 19, 1999. According to the Complaint, on the morning of his death, Wheeling Pitt assigned Nice truck #150 to drive to the company's Steubenville North Plant. Plaintiff asserts that a mechanical failure and an overload of steel coils caused the truck to veer and crash into the side of a mountain. As a result, the steel coils rolled onto the cab where Nice was seated and killed him. Plaintiff alleges that Wheeling Pitt knowingly and intentionally failed to properly maintain truck #150, and that it knew hauling more than thirty-six tons of steel coils on a flatbed trailer was inherently dangerous. These allegations form the basis of Plaintiff's claims for wrongful death and intentional tort against Nice's former employer.[1]

According to the Complaint, Wheeling Pitt provided assistance to Joyce Nice, including assistance in the remodeling of her home. Plaintiff contends that Wheeling Pitt promised to finish the work on her home. Plaintiff maintains Wheeling Pitt thereafter withdrew its crews from the work at her home. Plaintiff alleges that Wheeling Pitt acted intentionally or recklessly and knew, or should have known, that its actions would cause her serious emotional distress. Based on these asserted facts, Plaintiff asserts a claim of intentional infliction of emotional distress.

Defendant moves for partial dismissal of what it characterizes as a claim for negligence. Defendant also seeks dismissal of Plaintiff's claim for intentional infliction of emotional distress. Defendant contends that under Article II § 35 of the Ohio Constitution, it is entitled to workers' compensation immunity for both of these claims. While acknowledging that an employee may bring

---

[1] Following a Chapter 11 bankruptcy, Wheeling Pitt has been dismissed from this case. Its insurer, Royal Indemnity, has been added as the proper party-Defendant.

an intentional tort claim under Ohio law, Defendant asserts that claims for negligence are barred under Ohio's workers' compensation scheme. Defendant also maintains that it is entitled to dismissal of Plaintiff's intentional infliction of emotional distress claim because the alleged conduct is related to Nice's employment relationship with Wheeling Pitt.

## II.

Federal Rule of Civil Procedure 12(b)(6) permits a defendant, by motion, to raise the defense of a plaintiff's "failure to state a claim upon which relief can be granted." A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) "should not be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957).

The Court is authorized to grant a motion to dismiss under 12(b)(6) only where it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Schuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Mayer v. Mylod*, 988 F.2d 635, 637 (6th Cir. 1993). While the Court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the fact alleged are insufficient to state a claim, or there is insurmountable bar on the face of the complaint.

-3-

**III.**

**A.    Negligence vs. Intentional Tort Claim**

In most instances, the Ohio Worker's Compensation Act, Ohio Revised Code Chapter 4123, provides the exclusive remedies available to employees who are injured in the workplace. The Act contains certain exceptions, including one for injuries resulting from an employer's intentional tort upon an employee. Referencing various portions of the Complaint, Defendant alleges that Plaintiff is asserting a negligence claim which is barred under Ohio law.

Plaintiff mentions the word "negligence" only once in her Complaint. (Compl., ¶ 14.) Plaintiff has labeled the same conduct as an "intentional tort." Further, Plaintiff states sufficient facts to state a claim for an intentional tort. In order to prove an intentional tort, an employee must present sufficient evidence on each of the following three elements:

(1)    Knowledge by the employer of the existence of dangerous process, procedure, instrumentality or condition within its business operation;

(2)    Knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and

(3)    That the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task.

*Fyffe v. Jeno's, Inc.*, 59 Ohio St. 3d 115, 570 N.E.2d 1108, 1112 (1991). Plaintiff's Complaint alleges all four of these elements. First, Plaintiff alleges that Wheeling Pitt "*knew* that hauling of steel coils weighing more than 36 tons on a flatbed trailer, towed by an ill-maintained truck was an *inherently dangerous* procedure or condition." (Compl., ¶ 17 (emphasis added).) Second, Plaintiff

-4-

alleges that Wheeling Pitt "*knew* that if its employee drivers were subjected to a severe mechanical and/or physical breakdown while hauling steel coils, harm was *substantially certain* to occur." (Compl., ¶ 19 (emphasis added).) Finally, Plaintiff alleges that "Defendant, with such *knowledge*, failed to take any action to eliminate the safety risks posed to its employees," and that Defendant assigned Nice the truck to drive under such conditions. (Compl., ¶ ¶ 21, 6 (emphasis added).)

Because Plaintiff's Complaint states sufficient facts to plead a claim for an intentional tort, Defendant's Motion for Dismissal of this claim is **DENIED.**

**B.    Intentional Infliction of Emotional Distress Claim**

Defendant asserts in its Motion for Partial Dismissal that Plaintiff's claim for intentional infliction of emotional distress is barred by Ohio workers' compensation law because it flows out of Nice's employment relationship with Wheeling Pitt. Defendant has provided no authority to support its contention that a representative of an employee may not assert a claim for intentional infliction of emotional distress concurrently with his or her intentional tort claim, if such alleged conduct occurred after the employee's death and was based on an alleged promise made to a widow outside of the workplace. Nonetheless, Plaintiff's claim for her own injuries she incurred as a result of Defendant's intentional conduct must be dismissed because Joyce A. Nice is not presently a party to this action.

Plaintiff asserts the claim for  intentional infliction of emotional distress for injuries she personally incurred following the death of her husband. Plaintiff, however, has not sued in her own capacity but as Executrix of her deceased husband's estate for injuries he allegedly endured. Plaintiff has brought this action "[as] the fiduciary of the estate of Patrick L. Nice prior to his death. . . " (Compl., ¶ 36.) According to her Complaint, "[s]he brings this wrongful death action as a personal

representative for the exclusive benefit of herself as the surviving spouse, surviving children, and

other next of kin of the deceased." (Compl., ¶ 1.) Her fourth cause of action for intentional

infliction of emotional distress, however, relates to injuries she claims she personally sustained after

her husband's death when Wheeling Pitt allegedly removed working crews from her home and

refused to finish the remodeling project it had promised to complete. She alleges that these actions

caused her personal injury. Plaintiff has not pursued a claim in her own right, in her personal,

individual capacity. Her claims relate exclusively to those she pursues as a representative of the

estate of her deceased husband. Therefore, the claim of intentional infliction of emotional distress

is **DISMISSED**.[2]

---

[2]    Federal Rule of Civil Procedure 15(a) permits a party to amend the complaint after a responsive pleading has been filed only by leave of court, and requires that such leave be freely granted "when justice so requires." Fed.R.Civ.P. 15(a). The Court has considered, but declines to invite Plaintiff to amend her Complaint yet again at this late stage of the proceedings. Defendant would be prejudiced by a new claim and a new party in this six-year-old case, which would require significant additional resources to conduct discovery and prepare for trial. Adding a new party with this claim would significantly delay the resolution of the dispute. *See Phelps v. Mclellan*, 30 F.3d 658, 662-63 (6th Cir. 1994).

Moreover, the Court concludes that amendment of the Complaint would be futile. An amendment is futile if the proposed claims could not withstand a motion to dismiss under Fed. R. Civ. P. 12. *Neighborhood Dev. Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir.1980); *Matthews v. Jones*, 35 F.3d 1046, 1050 (6th Cir.1994). Here, the allegations relating to Mrs. Nice's intentional tort claim amount to Wheeling Pitt reneging on a promise to complete a home remodeling project. The Ohio Supreme Court defined the tort of intentional infliction of emotional distress as "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes serious emotional distress to another." *Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousemen, & Helpers of Am.*, 6 Ohio St. 3d 369, 374, *453, 453 N.E.2d 666, 671* (Ohio 1983). As a matter of law, it cannot be said that Wheeling Pitt's conduct was "extreme and outrageous, that it went beyond all possible bounds of decency and that is can be considered as utterly intolerable in a civilized community," *Pyle v. Pyle*, 11 Ohio App. 3d 31, 34, 463 N.E.2d 98, 103 (Ohio App. 1983).

Accordingly, the Court will not permit amendment of the Complaint.

## IV.

For the foregoing reasons, Defendant's Motion for Partial Dismissal is **DENIED** in part and

**GRANTED** in part to the extent of this Order.  This case has been pending on the Court's docket

since May 16, 2000.  The parties are directed to contact the Magistrate Judge in this case to arrange

a status conference and to establish appropriate deadlines to move this case to a prompt and final

resolution.

**IT IS SO ORDERED.**


<u>11-21-2006</u>
**DATED**

        **EDMUND A. SARGUS, JR.**
        **UNITED STATES DISTRICT JUDGE**